UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Northeast Patients Group d/b/a Wellness Connection of Maine, <br><br> and <br><br> High Street Capital Partners, LLC, <br><br>     Plaintiffs <br><br> v. <br><br> Department of Administrative and Financial Services, State of Maine, <br><br> and <br><br> Kristine Figueroa, in her official capacity as Commissioner of the Department of Administrative and Financial Services, State of Maine, <br><br>     Defendants. | Civil Action No. <br><br> **INJUNCTIVE RELIEF SOUGHT** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Northeast Patients Group d/b/a Wellness Connection of Maine ("Wellness Connection") and High Street Capital Partners, LLC ("High Street"), file this Complaint for Declaratory and Injunctive Relief against the Department of Administrative and Financial Services (the "Department") and Kristine Figueroa, in her official capacity as Commissioner of the Department, as follows:

**SUMMARY OF CLAIM**

1.  Maine's medical marijuana market has been around since 2011 and recently became the state's third largest industry, reaching retail sales of $111.6 million

1

last year.[1]  The industry is divided into two categories of businesses, both of which can operate retail stores and sell marijuana to patients: caregivers, which are smaller in scale and serve fewer patients, and dispensaries, which are larger businesses serving more patients.  There are only eight dispensaries in Maine, which accounted for $26.3 million of the $111.6 million in total sales in 2019, while Maine's approximately 2,600 caregivers sold the remaining $85.3 million. *Id.*

2. Broadly speaking, dispensaries are subject to more regulations and oversight than caregivers, but can also grow and sell more marijuana than caregivers.  Dispensaries can grow an unlimited amount of marijuana under state law, while caregivers are restricted in the number of plants they can grow at any one time. *Cf.* 22 M.R.S. §§ 2428 & 2423-A(2).

3. Though dispensaries can grow and sell more marijuana, and make more money than caregivers as a result, there's a catch.  Under Maine law, dispensaries must be owned and controlled exclusively by Maine residents.  *See* 22 M.R.S. § 2428(6)(H).

4. The self-evident purpose of the residency requirement is to discriminate against non-residents such as Plaintiff High Street, a prospective out-of-state investor, and to exclude them from the economic opportunities available to medical marijuana dispensaries in Maine.  The residency requirement harms both non-residents and Maine dispensaries, such as the four dispensaries operated by Plaintiff Wellness Connection, by arbitrarily limiting the universe of potential investors and business partners available to these businesses.

---

[1] *See* Penelope Overton*, State's Medical Marijuana Market Much Bigger than Anyone Realized*, Portland Press Herald (Feb. 24, 2019).

5. The residency requirement should be struck down because it violates the dormant Commerce Clause of the United States Constitution by explicitly and purposefully favoring Maine residents over non-residents.

## PARTIES AND JURISDICTION

6. Plaintiff High Street Capital Partners, LLC, is a Delaware limited liability company that wholly owns NPG, LLC, Wellness Connection's sister company involved in Maine's adult use marijuana industry. High Street is entirely owned by residents of states other than Maine. High Street would purchase all of the equity in Wellness Connection if the residency requirement for dispensaries did not prohibit it from doing so.

7. Plaintiff Northeast Patients Group d/b/a Wellness Connection of Maine owns four of the eight registered dispensaries in Maine's medical marijuana program. For its first decade of operations, Wellness Connection operated as a mutual benefit non-profit corporation without any equity ownership, as required by Maine law. In 2020, state law changed and allowed dispensaries to become for-profit companies. Wellness Connection converted to a for-profit corporation in March 2020 and is now owned by three Maine residents. Wellness Connection would be wholly owned by High Street if the residency requirement did not prohibit that arrangement. Unless the Department is enjoined from enforcing the residency requirement, Wellness Connection will be harmed by the limitation on its ability to sell equity to High Street or any other non-resident. The residency requirement also decreases the value of Wellness Connection by significantly limiting the universe of possible shareholders and investors in the company.

8.      The Department of Administrative and Financial Services is the administrative department within the State of Maine responsible for implementing, administering and enforcing Maine's Medical Use of Marijuana Act, including the residency requirement for dispensaries.  *See* 22 M.R.S. § 2422-A.

9.      Kristine Figueroa is the Commissioner of the Department. She and the Department are collectively referred to as the "Department" in this Complaint.

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 since Wellness Connection and High Street have asked it to rule that Maine's residency requirement for dispensaries violates the United States Constitution.

## MAINE'S RESIDENCY STATUTE IS UNCONSTITUTIONAL

11.     Maine has had a medical marijuana industry since 2011, but it wasn't until 2019 that Maine law permitted medical marijuana dispensaries to operate as for-profit businesses.  When the legislature changed the law governing dispensaries to allow them to have equity owners, it required that 100 percent of these owners (in addition to all officers and directors) must be Maine residents.

12.     The residency requirement for dispensaries, 22 M.R.S. § 2428(6)(H), explicitly privileges Maine residents over residents of other states.  The statute provides that "all officers and directors of a dispensary must be residents of this State." *Id*.

13.     "Officers and directors" is broadly defined by Maine's Medical Use of Marijuana Act to include anyone owning any portion of a dispensary:

> **6-B. Officer or director.** "Officer or director" means, when used with respect to any nonprofit, for-profit or other organization governed by this chapter, a director, manager, shareholder, board member, partner or other person holding a management position or ownership interest in the organization." 22 M.R.S. § 6-B.

And "resident of the state" is defined by the law as "a person who is domiciled in the State." 22 M.R.S. § 2422(13-B).

14. The residency requirement for dispensaries and the related state regulations explicitly discriminate against residents of other states, and are thus precisely the type of state laws that are prohibited by the dormant Commerce Clause of the U.S. Constitution. *See* U.S. Const. Art. I, § 8, Cl. 3.

15. The State of Maine cannot show a legitimate local purpose for the residency requirement, because its self-evident purpose is to discriminate against non-residents and reserve the enormous economic opportunities available to dispensaries for Maine residents.

16. The residency requirement for dispensaries is cut from the same cloth as the residency requirement in Maine's adult use marijuana law. *See* 28-B M.R.S. § 202(2). The Department agreed earlier this year to stop enforcing the adult use residency requirement because, in the Department's words, the residency requirement "is subject to significant constitutional challenges and is not likely to withstand such challenges." *See NPG, LLC, et al. v. Dep't of Admin. and Fin. Servs., et al.,* Stipulation of Dismissal, Civil Action No. 1:20-cv-00107-NT (May 11, 2020). The residency requirement for medical marijuana dispensaries is no different, as it also explicitly discriminates against non-residents.

17. The residency requirement for dispensaries is also akin to, but worse than, the City of Portland ordinance challenged by High Street earlier this year that discriminated against non-residents when awarding retail marijuana licenses in Portland. This Court preliminarily enjoined the City from applying the two residency-related criteria in its licensing matrix, finding that "the dormant Commerce Clause likely

restricts the City's licensing of marijuana retail stores" and that "the City is unlikely to succeed in justifying the residency preference in its points matrix." *NPG, LLC d/b/a Wellness Connection v. City of Portland*, Docket No. 2:20-cv-00208-NT at 23-24 (D. Me., Aug. 14, 2020). The residency requirement being challenged here is worse than the Portland ordinance because it bans non-residents altogether.

18. The residency requirement in Maine's medical marijuana law is stifling dispensaries' ability to operate within Maine's medical marijuana program by restricting the flow of investment into the State.

## COUNT I
## U.S. Const. Art. I, § 8, Cl. 3, 42 U.S.C. § 1983

19. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

20. The U.S. Constitution prohibits state laws that discriminate against citizens of other states. "[D]iscrimination simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter. If a restriction on commerce is discriminatory, it is virtually *per se* invalid." *Oregon Waste Sys., Inc. v. Dep't of Envtl. Quality of State of Or.*, 511 U.S. 93, 99 (1994). *See also, e.g., Tennessee Wine & Spirits Retailers Ass'n v. Thomas*, 139 S.Ct. 2449, 2461 (2019) ("if a state law discriminates against out-of-state goods or nonresident actors, the law can be sustained only on a showing that it is narrowly tailored to advance a legitimate local purpose").

21. A state law that discriminates against interstate commerce on its face "invokes the strictest scrutiny of any purported legitimate local purpose and of the absence of nondiscriminatory alternatives." *Hughes v. Oklahoma*, 441 U.S. 322, 337 (1979). *See also Camps Newfound/Owatonna, Inc. v. Town of Harrison, Me.*, 520 U.S.

564, 581 (1997)(strict scrutiny of a law that facially discriminates against non-residents "is an extremely difficult burden, so heavy that facial discrimination by itself may be a fatal defect").

22. The residency requirement for dispensaries discriminates on its face against non-residents.

23. The residency requirement for dispensaries does not have a legitimate local purpose.

24. High Street is harmed by the residency requirement for dispensaries because the law explicitly targets High Street as a non-resident, prevents High Street from owning any portion of any dispensary in Maine, and limits High Street's economic opportunities in Maine's medical marijuana industry.

25. Wellness Connection is also harmed by the residency requirement for dispensaries because the law limits its ability to sell equity to non-residents or raise capital from non-residents.  Specifically, Wellness Connection wishes to become wholly owned by High Street, but cannot do so because of the residency requirement. The residency requirement also devalues Wellness Connection by significantly limiting the universe of potential investors in the company.

26. Injunctive and declaratory relief are needed to resolve this dispute between the Department and the Plaintiffs because the residency requirement for dispensaries violates the United States Constitution and subjects Plaintiffs to serious, concrete, and irreparable injuries.

27. Because this is an action to enforce Plaintiffs' constitutional rights brought pursuant to 42 U.S.C. § 1983, Plaintiffs should receive their reasonable attorney's fees in the case.  *See* 42 U.S.C. § 1988.

## COUNT II
## U.S. Const. Art. I, § 8, Cl. 3, 28 U.S.C. §2201

28. Plaintiffs reallege the preceding paragraphs as if fully set forth herein.

29. Wellness Connection and High Street have taken the position that the residency requirement for dispensaries violates the dormant Commerce Clause of the United States Constitution and is thus unenforceable.

30. The Residency requirement directly harms Wellness Connection as the owner of four dispensaries because it limits Wellness Connection's ability to sell shares to High Street or generally raise additional capital from new investors. It harms High Street because it prevents High Street from purchasing equity ownership in these dispensaries.

31. The Department has taken the position that the residency requirement is enforceable and is enforcing the residency requirement against Maine's dispensaries.

32. An actual controversy exists between Plaintiffs and the Department as to whether the residency requirement for dispensaries is enforceable.  High Street, as a non-resident, is currently unable to obtain equity in any medical marijuana dispensaries operating in Maine, despite its significant financial involvement with Wellness Connection and its ownership of NPG, LLC, Wellness Connection's sister company involved in Maine's adult use marijuana industry.  Wellness Connection is unable to sell any equity to High Street or any other out-of-state investors, which hinders its ability to raise capital, frustrates its business plans, and harms it financially.

33. Declaratory and injunctive relief are needed to resolve this dispute between the Department and the Plaintiffs.

34. Under 28 U.S.C. §2201 the Court has the power to declare the rights of the parties.

**WHEREFORE**, Plaintiffs request that this Court enter judgment:

A) declaring that the residency requirement for dispensaries, 22 M.R.S. § 2428(6)(H), violates the United States Constitution;

B) enjoining the Department of Administrative and Financial Services from implementing, enforcing, or giving any effect to the residency requirement for dispensaries;

C) awarding Wellness Connection and High Street their attorney's fees and costs pursuant to 42 U.S.C. § 1988;

D) granting such other and further relief as the Court deems just and proper.

December 17, 2020

      /s/ Matthew Warner
Matthew Warner, Maine Bar No. 4823
Jonathan G. Mermin, Maine Bar No. 9313
Alexandra Harriman, Maine Bar No. 6172
Attorneys for Northeast Patients Group d/b/a Wellness Connection of Maine & High Street Capital Partners, LLC.

Preti Flaherty Beliveau & Pachios LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
207.791.3000
mwarner@preti.com
jmermin@preti.com
aharriman@preti.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2020, I electronically filed the Complaint for Declaratory and Injunctive Relief with the Clerk of Court by electronic mail and will send notification of such filing to the counsel of record.

                                             /s/ Matthew Warner
                                         Matthew Warner, Maine Bar No. 4823
                                         Attorney for Northeast Patients Group d/b/a
                                         Wellness Connection of Maine & High Street
                                         Capital Partners, LLC.