# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| NORTHEAST PATIENTS GROUP, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF )<br>ADMINISTRATIVE AND )<br>FINANCIAL SERVICES, et al., )<br>)<br>Defendants. ) | Docket No. 1:20-cv-00468-NT |

## ORDER ON MOTION TO INTERVENE

In this case, the Plaintiffs assert that Maine's Medical Use of Marijuana Act (the "**Act**") violates the dormant Commerce Clause by requiring that medical marijuana dispensaries be owned and controlled exclusively by Maine residents. The Plaintiffs are High Street Capital Partners, LLC, a prospective out-of-state investor, and Northeast Patients Group d/b/a Wellness Connection of Maine, an in-state dispensary operator that contends that the Act limits the availability of outside investment. Before me is a motion to intervene (ECF No. 11) by United Cannabis Patients and Caregivers of Maine ("**United Cannabis**"), a nonprofit advocacy organization that represents medical marijuana businesses owned by Maine residents. For the reasons set forth below, United Cannabis's motion to intervene is **GRANTED**.

## BACKGROUND

Pursuant to the Act, Maine divides its medical marijuana industry into two types of entities: caregivers and dispensaries. *See* Compl. ¶ 1 (ECF No. 1). Both can operate retail locations and sell to patients, but they are subject to different rules. For example, there are limits on the number of plants that caregivers can grow and sell, but no such limits exist for dispensaries. *Compare* 22 M.R.S. § 2423-A(2)(B), *with* § 2428(1-A)(B). In 2019, Maine's 2,600 caregivers accounted for more than seventy-five percent of the medical marijuana market, while the State's eight dispensaries accounted for less than twenty-five percent. Compl. ¶ 1. Caregivers must be individual residents of Maine, 22 M.R.S. § 2423-A(2), and dispensaries must be owned and controlled exclusively by Maine residents, *id.* § 2428(6)(H) ("[A]ll officers or directors of a dispensary must be residents of this State."); *id.* § 2422(6-B) (broadly defining "Officer or director" as including anyone owning any portion of a dispensary).

On December 17, 2020, the Plaintiffs filed this suit. They seek declaratory and injunctive relief, asking me to declare that the residency requirement for dispensaries violates the dormant Commerce Clause and enjoin the Department of Administrative and Financial Services (the "**Department**") from enforcing it. I held a conference of counsel on February 9, 2021, during which I set deadlines for the parties to file a stipulated record and their subsequent briefs (ECF No. 10). Pursuant to that schedule, the stipulated record was due by March 11, 2021; the Plaintiffs' brief is due

by March 25, 2021;[1] the Defendants' opposition brief is due by April 26, 2021; and the Plaintiffs' reply brief is due by May 10, 2021. On February 11, 2021, United Cannabis moved to intervene. The Plaintiffs have opposed the motion, but the Department and its Commissioner (the "**Defendants**") have not.

## LEGAL STANDARD

United Cannabis asserts that it has the right to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). That rule states that, "[o]n [a] timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In accordance with this Rule, a party seeking to intervene must demonstrate

> (1) the timeliness of her motion; (2) a concrete interest in the pending action; (3) "a realistic threat" that resolution of the pending action will hinder her ability to effectuate that interest; and (4) the absence of adequate representation by any existing party.

*T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 39 (1st Cir. 2020) (quoting *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009)).

United Cannabis also asserts that intervention is allowable pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). That rule holds that a court may permit intervention upon a timely motion when the putative intervenor "has a claim or

---

[1] The Plaintiffs filed their motion for judgment on the stipulated record on March 17, 2021 (ECF No. 14).

3

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see also Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 561 (1st Cir. 2021). Such permissive intervention is entirely within the discretion of the Court, though courts should consider "whether intervention will prejudice the existing parties or delay the action." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co.*, 290 F.R.D. 11, 14 (D. Mass. 2013) (internal quotations omitted); *see* Fed. R. Civ. P. 24(b)(3); *see also T-Mobile*, 969 F.3d at 42 ("[A] district court's discretion to grant or deny motions for permissive intervention is very broad.").

The question of timeliness is common to both types of intervention. Courts weigh several factors in determining whether a motion was timely filed, but "the most important factor is the length of time that the putative intervenor knew or reasonably should have known that his interest was imperiled before he deigned to seek intervention." *Candelario-Del-Moral v. UBS Fin. Servs. Inc. of P.R.* (*In re Efron*), 746 F.3d 30, 36 (1st Cir. 2014); *see also R & G Mortg. Corp.*, 584 F.3d at 7 (explaining that other relevant factors include prejudice to existing parties if intervention is granted, prejudice to proposed intervenor if denied, and any special circumstances). The posture of the case at the time the motion is filed is relevant as well, and "motions to intervene that will have the effect of reopening settled cases are regarded with particular skepticism because such motions tend to prejudice the rights of the settling parties." *R & G Mortg. Corp.*, 584 F.3d at 7.

## DISCUSSION

The Plaintiffs and United Cannabis dispute each of the factors relevant under Rule 24(a)(2). But I need not determine if United Cannabis is entitled to intervention as of right because it alternatively moves for permissive intervention, which affords district courts more discretion. *See Rosenfelt*, 988 F.3d at 561 (permissive intervention may be granted even where requirements of Rule 24(a)(2) are not met). As noted above, I may grant motions for permissive intervention that are timely filed and do not cause undue delay or prejudice if I find that the intervenor's defenses raise similar questions of law.[2] Here, United Cannabis intends to argue that Maine's residency requirement for medical marijuana dispensaries is constitutional, a defense of the statute that raises questions of law already at issue in this case.[3] *Compare* Intervenor's Proposed Answer to Compl. 6 (ECF No. 11-1), *with* Defs.' Answer to Compl. 7 (ECF No. 7).

---

[2] In exercising this discretion, I still consider whether the Defendants can adequately represent the interests of United Cannabis. *See T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) ("[A] district court considering requests for permissive intervention should ordinarily give weight to whether the original parties to the action adequately represent the interests of the putative intervenors."). While it is typically true that the State and its departments can adequately defend the constitutionality of state statutes, *see Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 111 (1st Cir. 1999), it is not yet clear whether the Department's position in defending the residency requirement will be aligned with United Cannabis's interests or position, particularly because the Department and Attorney General have expressed doubts about the application of a residency requirement in the recreational marijuana licensing scheme, *see* Stipulation of Dismissal, *NPG, LLC v. Me. Dep't of Admin. & Fin. Servs.*, No. 1:20-cv-00107-NT (ECF No. 9) (explaining that the Attorney General advised that the residency requirement for recreational marijuana sales, which restricted licenses to in-state residents, was "subject to significant constitutional challenges and [was] not likely to withstand such challenges" and stating that the Department would not enforce the requirement).

[3] I acknowledge that United Cannabis's interests are likely more tied to the residency requirement for caregivers. But, as current participants in the medical marijuana market and competitors of medical marijuana dispensaries, United Cannabis's members have more than a generalized or contingent interest in the residency requirement for dispensaries.

The Plaintiffs argue that United Cannabis's motion to intervene is untimely because United Cannabis waited nearly two months to file it and because I have already set a briefing schedule to resolve the case on the merits. Pls.' Opp'n to Mot. to Intervene ("**Pls.' Opp'n**") 8 (ECF No. 12). I disagree that the motion is untimely. Two months is not an unreasonable amount of time *per se. See Maine v. Norton*, 203 F.R.D. 22, 26 (D. Me.) (motion to intervene was timely where it was filed two months after inception of case and before any significant, substantive motions), *aff'd sub nom. State v. Dir., U.S. Fish & Wildlife Serv.*, 262 F.3d 13 (1st Cir. 2001); *cf. In re Efron*, 746 F.3d at 36–37 (motion to intervene was untimely where party waited nineteen months after he should have known that his rights would be in jeopardy). Moreover, although the parties have agreed to proceed on a stipulated record, which expedites the case in some regards, United Cannabis filed its motion just two days after that agreement and the accompanying briefing schedule were reflected on the docket. No deadlines had run, *see Glass Dimensions*, 290 F.R.D. at 15, summary judgment had not been granted, *see Harvey v. Veneman*, 222 F.R.D. 213, 215 (D. Me. 2004), and no settlement had been reached, *see R & G Mortg. Corp.*, 584 F.3d at 9–10.

I also do not see any reason why granting United Cannabis's motion will delay the case or prejudice the Plaintiffs. The Plaintiffs assert that if United Cannabis is permitted to intervene, "the only way to avoid delaying this litigation, and prejudicing [the Plaintiffs], would be to require United Cannabis to abide by the deadlines the Court has set." Pls.' Opp'n 8. United Cannabis appears prepared to meet those deadlines. United Cannabis states that it "is ready and able to" file its opposition brief

6

by April 26, 2021. United Cannabis' Reply in Support of Its Mot. to Intervene ("**Reply**") 2 (ECF No. 15). And it further represents that "no request for enlargement of the briefing schedule or consideration of a supplemental record [will be] necessary." Reply 2.

Given the lack of delay or prejudice and the discretion afforded to a district court in deciding motions for permissive intervention, I conclude that United Cannabis will be permitted to intervene. *See Charlesgate Nursing Ctr. v. Rhode Island*, 723 F. Supp. 859, 862 (D.R.I. 1989) (finding no undue delay and permitting intervention where "prospective intervenors have agreed to adhere to any schedule established by the Court"). I note, however, that the subject of this suit will remain the constitutionality of the residency requirement for medical marijuana dispensaries, not the residency requirement for caregivers. Moreover, the existing briefing schedule shall remain in place.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion to intervene.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 23rd day of March, 2021.