UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Northeast Patients Group d/b/a Wellness Connection of Maine,<br><br>AND<br><br>High Street Capital Partners, LLC.<br><br>     Plaintiffs<br><br>v.<br><br>Department of Administrative and Financial Services, State of Maine,<br><br>AND<br><br>Kirsten Figueroa in her official capacity as Commissioner of the Department of Administrative and Financial Services, State of Maine,<br><br>     Defendants. | Civil Action No. 1:20-cv-00468-NT |

**PLAINTIFFS' OPPOSITION TO INTERVENOR'S
MOTION FOR STAY PENDING APPEAL**

Plaintiffs Northeast Patients Group d/b/a Wellness Connection of Maine and High Street Capital Partners, LLC oppose the Motion for Stay Pending Appeal filed by Intervenor United Cannabis Patients and Caregivers of Maine ("United Cannabis") on the following grounds.

> **I.     United Cannabis identifies no actual harm, let alone one that would be irreparable, that it would experience absent a stay.**

United Cannabis argues that if the Court's order striking down the residency requirement for dispensaries in Maine's Medical Use of Marijuana Act under the

1

dormant Commerce Clause is not stayed while its appeal is pending, Plaintiffs will proceed with "the merger and acquisition by Plaintiff High Street Capital, LLC, a non-Maine business entity, of Maine cannabis dispensary assets now owned by Plaintiff Northeast Patients Group." (Doc. 33 at 3.) That may be, but United Cannabis never explains how it would be irreparably harmed if this were to happen.

United Cannabis suggests that the transaction it envisions "threatens the current balance of Maine's medical cannabis marketplace," and that the purpose of the transaction would be, as is common with business transactions, "to facilitate further growth and competitive advantage." *Id*. at 4. What United Cannabis fails to articulate is a plausible reason to expect anything to happen that would cause it irreparable harm during the limited timeframe of this appeal.

As United Cannabis acknowledges, there already exists a large disparity in the size of the relevant market participants: "Northeast Patients Group's dispensaries already constitute approximately 12 percent of Maine's total medical cannabis market, whereas each caregiver, on average, holds a market share of about .0024 of 1 percent of Maine's net medical marijuana retail sales." *Id*. One might speculate that this disparity could widen with the merger United Cannabis foresees—but that would just be speculation. United Cannabis offers no actual evidence, or even reason to think, that a merger would have that effect in the short term, or that it would otherwise change the basic market dynamics in a way that would cause United Cannabis irreparable harm. After the merger, as before, the dispensaries will still be big, and the caregivers will still be small. United Cannabis expresses concern about "outsized market power and unique growth potential" (*id*.), but does not explain why these advantages it believes Plaintiffs hold should be expected to be appreciably greater under a new ownership structure, or

2

why any potential change in the competitive balance would be likely to manifest itself in a way that would cause irreparable harm before the First Circuit decides the appeal.

Contrary to what United Cannabis suggests, if this Court's decision is reversed on appeal, and the residency requirement is upheld, Plaintiffs will obviously have to comply with it—meaning that the transaction United Cannabis claims would cause it irreparable harm would have to be undone to the extent that it caused Plaintiffs to be in violation of the residency requirement. It is simply not true that "the status quo of Maine's medical cannabis market would be forever changed, entitling Plaintiffs to the benefit of an 'grandfathered' exception to Maine law, and subjecting all other market competitors to an irreversible competitive detriment." *Id*. at 6. With that misunderstanding cleared up, the irreparable harm United Cannabis envisions disappears.

United Cannabis suggests that Plaintiffs should just "wait a little longer" before exercising the constitutional right this Court has determined they hold, dismissing the delay as just "a small inconvenience" to Plaintiffs. *Id*. at 5. It would be one thing if an actual irreparable injury to United Cannabis were in the offing, but as just explained, that is not the case. The dispositive consideration is that the Court has found a violation of constitutional rights, and Plaintiffs should not have to wait to have their rights restored.

United Cannabis is correct that a stay may be warranted "'[w]here . . . the denial of a stay will utterly destroy the status quo . . . .'" *Id*. at 2 (quoting *Maine v. U.S. Dept. of Interior*, 2001 WL 98373, at *3 (Carter, J.)). That, however, is not this case.

3

## II. United Cannabis is not likely to prevail on its appeal.

Below a heading in its motion that reads "United Cannabis Has a Likelihood of Success on Appeal" (Doc. 33 at 6), United Cannabis acknowledges that in fact it has no idea what the outcome will be:

> The legal questions presented here evade any easy answers. Accordingly, the requisite assessment of any party's likelihood of success on appeal is speculative, at best.

*Id.*

That is certainly the most that could plausibly be said for United Cannabis's prospects on appeal. As the Court noted in its order, "the Defendants cite no authority for their position" that the residency requirement is constitutional. (Doc. 26 at 11.) "Instead," the Court explained, "in apparently all cases where federal courts have confronted dormant Commerce Clause challenges to state or local laws that favor residents in the recreational or medical marijuana context, the courts have held that such laws are likely unconstitutional." *Id.* "These courts recognized that the law or ordinance at issue was the sort of economic protectionism that the Supreme Court has long prohibited." *Id.* at 12 (quotation marks omitted). That being so, the conclusion that this appeal is not likely to succeed appears inescapable.[1]

Appearing to concede that it cannot establish a likelihood of success on the merits, United Cannabis suggests that "the novel and complicated legal questions raised by United Cannabis's first-of-its-kind appeal satisfies the First Circuit's 'lessor standard' requiring only showing of 'fair grounds for further litigation,' *Pub. Serv. Co. of New*

---

[1] United Cannabis suggests that there is "apparent conflation," or a "mash-up," in the Court's order between the affirmative Commerce Clause (the basis for the Controlled Substances Act) and the dormant Commerce Clause (the basis for striking down the residency requirement). (Doc. 33 at 8.) There is in fact no conflation or mash-up in the order, which addresses and reconciles the affirmative and dormant clauses to produce a coherent result.

4

*Hampshire v. Patch*, 167 F.3d 15 at 26-27, to support a motion for stay pending appeal where the balance of harms from denial of a stay weighs in the appellant's favor, as it does here." (Doc. 33 at 7.) In *Patch*, however, the First Circuit applied a "fair grounds for further litigation" standard "in light of the *rather powerful* showing of irreparable injury" the plaintiff had made. *Public Service Co. of New Hampshire v. Patch*, 167 F.3d 15, 27 (1st Cir. 1998) (emphasis added). Here, as explained *supra*, United Cannabis struggles to make any showing at all of irreparable injury, let alone the "powerful" showing that warranted lowering the bar for establishing likelihood of success on the merits in *Patch*. *See id.* (describing the plaintiff's argument that "without the injunction it would be driven rapidly into bankruptcy" as "an extreme form of irreparable injury," and noting that "[t]he question whether [the plaintiff] made a showing of threatened bankruptcy is easy to answer in the affirmative."). Because United Cannabis's showing of irreparable harm here is tenuous at best, *Patch* offers no useful guidance.

## CONCLUSION

Because United Cannabis has made no real showing of irreparable harm, or demonstrated that it is likely to succeed on the merits, the Motion for Stay Pending Appeal should be denied.

October 4, 2021

                                           /s/ Matthew Warner
                                     Matthew Warner, Maine Bar No. 4823
                                     Jonathan G. Mermin, Maine Bar No. 9313
                                     Alexandra Harriman, Maine Bar No. 6172
                                     Attorneys for Northeast Patients Group d/b/a
                                     Wellness Connection of Maine & High Street
                                     Capital Partners, LLC.

                                     Preti Flaherty Beliveau & Pachios LLP
                                     One City Center
                                     P.O. Box 9546

Portland, ME 04112-9546  
207.791.3000  
mwarner@preti.com  
jmermin@preti.com  
aharriman@preti.com  

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, I electronically filed the Opposition to Motion to Intervene with the Clerk of Court through the ECF system which will send notification of such filing to all counsel of record.

    /s/ Matthew Warner  
Matthew Warner, Maine Bar No. 4823  
Attorney for Northeast Patients Group d/b/a Wellness Connection of Maine & High Street Capital Partners, LLC.