UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NORTHEAST PATIENTS GROUP, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> MAINE DEPARTMENT OF ADMINISTRATIVE AND FINANCIAL SERVICES, ET AL., <br><br> Defendants. | Docket No. 1:20-cv-00468-NT |

**ORDER ON MOTION FOR STAY PENDING APPEAL**

Plaintiffs High Street Capital Partners, LLC, ("**High Street**") and Northeast Patients Group d/b/a Wellness Connection of Maine ("**Wellness Connection**") filed a Complaint alleging that the portion of the Maine Medical Use of Marijuana Act that requires "[a]ll officers or directors of a dispensary" (the "**Dispensary Residency Requirement**") to be Maine residents violates the dormant Commerce Clause. Compl. for Declaratory and Injunctive Relief ("**Compl.**") 3 (ECF No. 1). After considering the agreed-upon facts and the parties' arguments, I granted the Plaintiffs' motion for judgment on the stipulated record and entered judgment in the Plaintiffs' favor. Order on Cross-Mots. for J. ("**Order on Cross-Mots.**") 13 (ECF No. 26); Judgment (ECF No. 28). The order enjoined Defendant Kirsten Figueroa, the Commissioner of the Maine Department of Administrative and Financial Services, from enforcing the Dispensary Residency Requirement. Order on Cross-Mots. 13. Commissioner Figueroa and the Defendant-Intervenor, United Cannabis Patients

and Caregivers of Maine, (together, the "**Defendants**") have appealed my order. *See* Defs.' Notices of Appeal (ECF Nos. 29, 34). The Defendants now ask me to stay the injunction pending appeal. Mot. for Stay Pending Appeal (ECF No. 33); Defs.' Resp. to Intervenors' Mot. for Stay Pending Appeal ("**Defs.' Resp.**") (ECF No. 39).

## BACKGROUND

The Maine Medical Use of Marijuana Act (the "**Act**") authorizes two types of entities—registered dispensaries and caregivers—to possess, cultivate, and sell marijuana to qualified patients. Order on Cross-Mots. 2; 22 M.R.S. §§ 2423-A(2), 2428. The Act allows both dispensaries and caregivers to engage in similar activities, but it distinguishes between the two types of entities in terms of scale. Specifically, the Act limits the number of marijuana plants a caregiver can grow and sell, *see* 22 M.R.S. § 2423-A(2), but does not impose any such limitations on dispensaries, *see* 22 M.R.S. § 2428(1-A). On the other hand, the Act imposes restrictions on dispensaries that are not imposed on caregivers. One of these restrictions, the Dispensary Residency Requirement, requires "[a]ll officers or directors of a dispensary" to be Maine residents. 22 M.R.S. § 2428(6)(H).

Plaintiff High Street is a Delaware company entirely owned by non-Maine residents; Plaintiff Wellness Connection is currently owned by all Maine residents. Order on Cross-Mots. 3. High Street wishes to acquire Wellness Connection, but this transaction is prohibited under the Dispensary Residency Requirement. Order on Cross-Mots. 3. On December 17, 2020, the Plaintiffs filed a lawsuit in this Court alleging that the Dispensary Residency Requirement violated the dormant Commerce

Clause "by explicitly and purposefully favoring Maine residents over non-residents." Compl. 2. Subsequently, the Plaintiffs and the Defendants moved for judgment on a stipulated record. Pls.' Br. in Supp. of J. on R. (ECF No. 14); Defs.' Opp'n to Pls.' Mot. for J. on R. & Cross-Mot. for J. on R. (ECF No. 17). In my resolution of the issues raised by the parties' cross-motions for judgment, I enjoined Commissioner Figueroa from enforcing the Dispensary Residency Requirement. Order on Cross-Mots. 13. The Defendants now move for a stay of the injunction.

## DISCUSSION

### I.   Legal Standard

A motion to stay a judgment pending appeal is evaluated pursuant to four factors: "(1) [W]hether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of Bos.*, 996 F.3d 37, 44 (1st Cir. 2021) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The consideration of these factors is an equitable one and a strong showing of one factor may compensate for a weak showing of other factors." *Maine v. U.S. Dep't of Interior*, No. CIV. 00-122-B-C, 2001 WL 98373, at *2 (D. Me. Feb. 5, 2001) (citation omitted).

### II.  Analysis

Consideration of the four equitable factors leads me to conclude that a stay pending resolution of the Defendants' appeal is warranted. I find most persuasive the

Defendants' contention that denying the stay in this instance will destroy the status quo and cause them irreparable harm. Here, the First Circuit case *Providence Journal Co. v. Federal Bureau of Investigation*, 595 F.2d 889 (1st Cir. 1979), is instructive. In *Providence Journal*, the court explained that "the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal" and that "[m]eaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable." *Providence J. Co.*, 595 F.2d at 890. Thus, where the denial of a stay will "utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay." *Id.* Instead, in such a case it suffices to show "there are serious legal questions presented" on appeal. *See id.*

Here, as in *Providence Journal*, the denial of the stay would destroy the status quo and undermine the Defendants' right to secure meaningful review. Specifically, the Defendants assert that if the stay is denied, Commissioner "Figueroa will be required to process and approve non-resident applications for licenses to own medical marijuana dispensaries in Maine." Defs.' Resp. 1. Even if the First Circuit were then to reverse my decision, the state would still be left with a "patchwork" of compliant and non-compliant medical marijuana dispensaries. Defs.' Resp. 1. In other words, the very thing the Defendants are trying to prevent from happening in their appeal

could come to fruition before the appeal is resolved, and the "[Defendants'] right of appeal . . . will become moot." *Providence J. Co.*, 595 F.2d at 890.[1]

By contrast, the Plaintiffs do not assert any severe or irreparable injury that will result from a stay. For example, the Plaintiffs do not contend that the delay caused by the stay will cause them irreparable financial harm or that such a delay will make their desired business transaction impossible. A brief delay in the Plaintiffs' transaction appears slight in comparison to the irreparable harm faced by the Defendants.

Furthermore, the Defendants have made an adequate showing of their likelihood of success on the merits. As I explained in my previous order, "[t]his case raises a novel question, and it involves a unique scenario in the Commerce Clause realm." Order on Cross-Mots. 8. While I believe I have appropriately resolved the novel constitutional issues at play, "it is possible that the Court of Appeals may come to a different conclusion." *Maine v. U.S. Dep't of Interior*, 2001 WL 98373, at \*3. Thus, "there are serious legal questions presented," *Providence J. Co.*, 595 F.2d at 890, and the Defendants have made an adequate showing of likelihood of success on the merits.

Finally, a stay will serve the public interest by protecting the Defendants' right to meaningful review on appeal and by "promot[ing] the public interest in accurate

---

[1] The Plaintiffs assure me that, if the Dispensary Residence Requirement is upheld on appeal, any non-compliant transactions approved in the interim "would have to be undone." Pls.' Opp'n to Intervenor's Mot. for Stay Pending Appeal 3 (ECF No. 38). The Plaintiffs, however, do not offer evidence to support their contention about the reversibility of dispensary licenses. I am not convinced that revoking granted dispensary licenses would be as easy a process as the Plaintiffs claim.

interpretation of the" constitutional issues at hand. *Maine v. U.S. Dep't of Interior*, 2001 WL 98373, at *4.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendants' motion for a stay pending appeal.

SO ORDERED.

/s/ Nancy Torresen<br>United States District Judge

Dated this 27th day of October, 2021.